IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JEFFREY S. COLLIER,**

       **Plaintiff,**

   v.            CASE NO. 12-3102-SAC

**OFFICER BRYAN, et al.,**

       **Defendants.**


### O R D E R

  This matter is before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, submitted by a prisoner incarcerated in a Kansas correctional facility.

  Notwithstanding plaintiff's payment of the full district court filing fee in this matter,[1] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). See *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

  Plaintiff's pro se complaint must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even

---

[1] Plaintiff's litigation history subjects him to the "3-strike" bar in 28 U.S.C. § 1915(g), which bars him from proceeding in forma pauperis absent a showing he is subject to "imminent danger of serious physical injury."

under this standard "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the instant complaint, plaintiff alleges his constitutional rights were violated in a prison disciplinary action in which plaintiff was found guilty of disobeying an order to get off the grass. Plaintiff insists the grass was not a restricted area, contends the officer filed the disciplinary charge simply to harass plaintiff, and argues the disciplinary action violated his constitutional rights to due process and equal protection. The defendants named in the complaint include the officer who wrote the disciplinary report, the Unit Team Manager who approved that report, and various prison officials who were involved in or upheld the disciplinary action.

The Supreme Court has held that where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not suffered an atypical, significant hardship triggering due process

protections.  *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).  Because it appears from the disciplinary documentation provided by plaintiff that the sanction in his disciplinary action involved no actual loss of earned good time credits, and instead was limited to restricted privileges for 30 days and a $5 fine, the complaint presents no actionable claim under the due process clause.

Although plaintiff simply states elsewhere in his complaint that his disciplinary conviction "took good time credits," even assuming the loss of already earned good time credits it appears on the face of the pleading that plaintiff was afforded sufficient process to satisfy the Due Process clause.  *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (An inmate receives due process in conjunction with an institutional disciplinary proceeding if he is given (1) advance written notice of the disciplinary charge, (2) an opportunity, when consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for any disciplinary action.).

Nor does the complaint present an actionable claim under the Equal Protection clause.  Plaintiff essentially contends the charging officer singled plaintiff out by filing a disciplinary report lacking any legal merit.  Plaintiff's conviction by an independent tribunal on that disciplinary report, however, clearly undermines this claim. *See also Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.2004)(honesty and integrity of a disciplinary tribunal is presumed absent "some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues

being adjudicated")(quotation marks and citation omitted). And plaintiff fails to allege any facts suggesting that he is a member of a suspect classification, that he was treated differently from other similarly-situated prisoners, or that defendants' acts did not serve a legitimate penological purpose, as is essential to state a claim under the Equal Protection Clause of the Fourteenth Amendment. *See generally Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir.1996)(essential elements of equal protection claim).

Accordingly, taking all well-pleaded facts in the complaint as true, the court finds plaintiff fails to present a plausible right to relief under the due process or equal protection clauses.

### Notice and Show Cause Order to Plaintiff

Plaintiff is thereby directed to show cause within twenty (20) days why the complaint should not be summarily dismissed as stating no claim for relief.  28 U.S.C. § 1915A(b).  The failure to file a timely response may result in the complaint being dismissed without further prior notice.

Plaintiff's motion for appointment of counsel, motion for preliminary injunction, and motion for "structural injunction" are denied without prejudice to plaintiff renewing any of these motions if this action is not summarily dismissed for the reasons stated by the court.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motions (Docs. 2, 3, and

4) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 5th day of July 2012 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge