```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JEFFREY S. COLLIER,**

                    **Plaintiff,**

     v.                                              CASE NO. 12-3102-SAC

**OFFICER BRYAN, et al.,**

                    **Defendants.**

## O R D E R

This matter is before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, submitted by a prisoner incarcerated in a Kansas correctional facility.

Plaintiff seeks relief on allegations involving his refusal to comply with an order to get off the grass. Contending the grass was not a restricted area, plaintiff claims the officer filed unfounded disciplinary charges against plaintiff simply to harass and punish plaintiff, and that the hearing officer in the resulting disciplinary proceeding did not allow plaintiff to call witnesses who would have supported plaintiff's defense. The defendants named in the complaint include the officer who wrote the disciplinary report, the Unit Team Manager who approved that report, and various prison officials who were involved in or upheld the disciplinary action.

The court reviewed plaintiff's allegations, 28 U.S.C. § 1915A, and found they failed to state any actionable constitutional claim for purposes of seeking relief under § 1983. The court thus directed plaintiff to show cause why the complaint should not be summarily

dismissed.  Before the court is plaintiff's response and amended complaint.

In the show cause order dated July 5, 2012, the court noted that plaintiff was found guilty of disobeying an order and insubordination, and that it appeared the sanction imposed for these two offenses involved only a restriction on his privileges for 30 days and a $5.00 fine.  Because this disciplinary action did not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the court found plaintiff had not suffered an atypical, significant hardship that triggered any protection under the Due Process Clause.  *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).  Plaintiff's amended complaint does not identify any greater disciplinary sanction or hardship.  And it is well established that bare allegations of malice are insufficient to establish a constitutional claim.  *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).  The court thus continues to find the plaintiff's allegations regarding the challenged disciplinary charges and adjudication process present no actionable claim under the Due Process Clause.

Also in the show cause order, the court found that plaintiff's complaint presented no actionable claim under the Equal Protection Clause.  In response plaintiff explains that he is not asking for a rehearing or the dismissal of the challenged disciplinary action.  Instead, he states he included information about that disciplinary action to show that the charging officer violated plaintiff's rights, and that all other defendants had a duty to protect plaintiff from such misconduct and failed to do so.  Nonetheless, the facts provided in the complaint as amended wholly fail to suggest that plaintiff was

a member of a suspect class, that plaintiff was treated differently from similarly-situated prisoners, or that defendants' actions regarding the disciplinary charge and adjudication were not within the legitimate penological purpose of managing prisoner order and safety. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 547 (1979)(prison officials are to be "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). The court thus continues to find no actionable claim is presented under the Equal Protection Clause.

Plaintiff also now specifically contends that defendants acted with "deliberate indifference" in failing to investigate the facts underlying the disciplinary charge, and that violated employee rules of conduct and ethical codes. However, the mere label of "deliberate indifference" is insufficient to state a plausible claim of constitutional significance. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And alleged violations of state professional codes and prison regulations provide no basis for seeking relief under § 1983. *Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir.1998).

Accordingly, for the reasons set forth herein and in the show cause order dated July 5, 2012, the court concludes the amended complaint should be dismissed as stating no claim for relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 11) to amend the complaint is granted, and that the amended complaint is dismissed as stating no claim for relief.

      IT IS FURTHER ORDERED that plaintiff's motions for rulings (Docs. 15, 16,and 17) are thereby moot.

    **IT IS SO ORDERED.**

    DATED:  This 23rd day of January 2013 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge